IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR20 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| HENRY CLINE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Henry Cline: to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 52); and for leave to proceed in forma pauperis (Filing No. 53).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Cline pleaded guilty to a one-count Indictment charging him with sexual abuse of a minor on an Indian reservation, in violation of 18 U.S.C. §§ 2243(a) and 1153. Cline waived his right to contest his conviction and sentence under § 2255, with a few limited exceptions that include his right to claim that he received ineffective assistance of counsel if the grounds for the claim could not have been known when he entered his guilty plea.

The Court sentenced Cline to 21 months imprisonment and five years supervised release. Cline's § 2255 motion was timely filed.

## DISCUSSION

In his § 2255 motion, Cline argues: there was an insufficient factual basis for the Court to find he engaged in a sexual act (Claim One); he was denied due process because the Court accepted his plea despite the alleged insufficient factual basis described in Claim One (Claim Two); and he received ineffective assistance of counsel because his attorney advised him to plead guilty when his conduct did not constitute a sexual act (Claim Three).

### *Claims One and Two*

Claims One and Two do not fall within the exceptions to Cline's waiver of his right to file a motion under § 2255 in his plea agreement. The claims are summarily denied.

### *Claim Three*

In order to establish ineffective assistance of counsel, Cline must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

In answering the question in his plea petition asking what acts Cline did that caused him to think he is guilty of the crime charged in the Indictment, he responded in pertinent part: "I saw AL asleep on the couch. I got up and sat down beside her. I leaned over her

and lifted up her shirt. I kissed her chest area." (Filing No. 37, ¶ 45.) According to the government's version of the offense, Cline admitted that he licked the victim's breasts and squeezed her buttocks with his hand over her clothing. (PSR, ¶¶ 11, 12.)

The definition of a "sexual act" required for a conviction under 18 U.S.C. § 2243(a) includes various methods of contact with genitalia. 18 U.S.C. § 2246(2)(A)-(D). A conviction under § 2243(a) carries a term of up to 15 years imprisonment and a term of supervised release of at least 5 years and up to life. 18 U.S.C. §§ 2243(a) & 3583(k).

The definition of "sexual contact" required for a conviction under 18 U.S.C. § 2244(a)(3) includes the following: "the intentional touching, either directly or through the clothing, of the . . . breast . . . or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). A conviction under § 2244(a)(3) carries a penalty of not more than two years imprisonment and a term of supervised release of at least 5 years and up to life. 18 U.S.C. §§ 2244(a)(3) & 3583(k).

The government will be required to answer this claim.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 52);

2. Upon initial review, the Court summarily denies Claims One and Two;

3. The government is ordered to answer Claim Three on or before September 22, 2011, and support its answer with a brief;

4.  On or before October 24, 2011, the Defendant may file a responsive brief;

5.  The Defendant's motion for leave to proceed in forma pauperis (Filing No. 53) is held in abeyance; and

6.  The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge